**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA**

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST; BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND; BOILERMAKERS NATIONAL ANNUITY TRUST; BOILERMAKERS' APPRENTICESHIP AND TRAINING FUNDS; JOHN FULTZ as a fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST, BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND, BOILERMAKERS NATIONAL ANNUITY TRUST and BOILERMAKERS' APPRENTICESHIP AND TRAINING FUNDS; THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND; and MARK GARRETT as a fiduciary of THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND, <br> The address for all parties is: <br> 12200 NW Ambassador Drive <br> Kansas City, Missouri 64163 <br><br>       Plaintiffs, <br><br> v. <br><br> EAST COAST WELDING AND CONSTRUCTION CO., INC. <br> Address: <br> 2038 Kurtz Avenue <br> Pasadena, Maryland 21122; <br><br> PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY; <br> Address: <br> Two North Second Street <br> Harrisburg, Pennsylvania 17101; and <br><br> UNITED STATES FIRE INSURANCE COMPANY <br> Address: | Case No. 1:21-cv-3262 |

305 Madison Avenue
Morristown, New Jersey 07962

    Defendants.

# COMPLAINT

Plaintiffs, for their cause of action against Defendants, state as follows:

## NATURE OF THE CASE

1. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to collect fringe benefit contributions from the Defendants due and owing the Plaintiff Employee Benefit Plans. Plaintiffs bring this action against East Coast Welding and Construction Co., Inc. ("East Coast") for failing to comply with its statutory and contractual obligations to the Plaintiff Funds arising by virtue of its collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO and/or its affiliated local unions ("Union").

2. Further, bonds covering the work for which East Coast is delinquent provide Plaintiffs an avenue to recover directly against the relevant bond companies.

## Parties

3. Plaintiff Boilermaker-Blacksmith National Pension Trust ("the Pension Trust") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Trust is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Trust maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163. The Pension Trust is a "multi-employer plan" within the meaning of 29 U.S.C.

§ 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. Plaintiff Boilermakers National Health and Welfare Fund ("the Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Health & Welfare Fund maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163. The Health & Welfare Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

5. Plaintiff Boilermakers National Annuity Trust ("the Annuity Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Annuity Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Annuity Fund maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163. The Annuity Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. Plaintiff Boilermakers' Apprenticeship and Training Fund ("the Apprenticeship Fund") is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3). The Apprenticeship Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Apprenticeship Fund maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163. The Apprenticeship Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) and (6) of the LMRA, 29 U.S.C. § 186(c)(5) and (6).

7. Plaintiff John Fultz is a fiduciary of the Plaintiffs Pension Trust, Health & Welfare Fund, Annuity Fund, and Apprenticeship Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

8. Plaintiff Mobilization, Optimization, Stabilization and Training Fund ("the MOST Fund") is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3). The MOST Fund maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163. The MOST Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). Additionally, the MOST Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c).

9. Plaintiff Mark Garrett is a fiduciary of the MOST Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

10. East Coast is a corporation organized under and existing by virtue of the laws of the State of Maryland. Defendant is an employer within the meaning of 29 U.S.C. § 1002(5).

11. Pennsylvania National Mutual Casualty Insurance Company is an insurance business corporation organized under and existing by virtue of the laws of Pennsylvania. It is certified as a surety company in the District of Columbia

12. United States Fire Insurance Company is a corporation organized under and existing by virtue of the laws of the State of Delaware. It is a certified surety company in the District of Columbia

## Jurisdiction and Venue

13. This Court has jurisdiction of Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1367.

14. Venue is proper in the District of the District of Columbia because the work for which East Coast owes contributions was performed in the District of Columbia.

**General Allegations**

15. At all times relevant hereto, East Coast has been a party to one or more collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO ( "IBB") and/or affiliate local unions of the IBB (collectively, "the Union").

16. Plaintiffs Pension Trust, Health & Welfare Fund, Annuity Fund, Apprenticeship Fund, and MOST Fund (collectively, "the Funds") are established and operated pursuant to written agreements and/or declarations of trust.

17. These agreements and/or declarations of trust are incorporated by reference into and are a material part of the collective bargaining agreement(s) between East Coast and the Union.

18. At all material and relevant times to this action, East Coast has employed employees who have performed covered work under the collective bargaining agreement(s).

19. Under the collective bargaining agreement(s), East Coast must timely submit reports and fringe benefit contributions to the Funds.  East Coast must remit contributions to the Funds each month in such amounts as determined by the collective bargaining agreement(s).

20. The collective bargaining agreement(s) require that contributions due to the Funds are to be paid by the fifteenth (15th) day of the month following the month in which the work was performed, and payments are delinquent if not received by that date.

21. The collective bargaining agreement(s), the trust agreements, and ERISA provide remedies to the Funds in the event an employer fails to timely remit contributions. Among the remedies available are costs of collection, attorneys' fees, interest, and liquidated damages.

22. Pursuant to the collective bargaining agreement(s) and the trust agreements incorporated therein, Defendant is liable to the Funds for liquidated damages of twelve percent (12%) of the delinquent contributions.

23. Pursuant to the collective bargaining agreement(s) and the trust agreements incorporated therein, Defendant is liable to the Funds for interest at the rate of twelve percent (12%) *per annum* upon the delinquent contributions and the liquidated damages.

24. The Funds have incurred attorneys' fees and other costs in their efforts to remedy Defendant's failure to pay fringe benefit contributions. The Funds are entitled to recover these fees and costs pursuant to the terms of the collective bargaining agreement(s) and by law.

25. For work performed from February 2020 to November 2020 by its covered employees, East Coast remitted contributions, but did so untimely.

26. For work performed from December 2020 to February 2021, East Coast has failed to remit contributions for work performed by its covered employees.

### Count I: Delinquent ERISA Contributions (East Coast)

27. Plaintiffs incorporate by reference the above allegations.

28. Because East Coast has failed to timely remit contributions for work performed from February 2020 to February 2021, it owes $136,933.35 in contributions, liquidated damages, and interest through December 10, 2021.

29. Also, Plaintiffs has incurred and continues to incur attorneys' fees to remedy East Coast's delinquency.

WHEREFORE, Plaintiffs respectfully ask the Court to enter an Order:

    a)    Finding that East Coast is liable to Plaintiffs for $136,933.35 and entering judgment against East Coast and in Plaintiffs' favor for these amounts, plus interest that accrues from December 10, 2021 through the date judgment is entered;

    b)    Requiring East Coast to submit an accounting of all hours worked for the period of February 2020 to February 2021 and require East Cost to remit any unpaid contributions and resulting interest and liquidated damages in excess of the $136,933.35 determined by Plaintiffs;

    c)    Awarding Plaintiffs their costs of this action, including their reasonable attorneys' fees; and

    d)    Granting Plaintiffs such other relief that the Court deems just and proper.

**Count II: Pennsylvania National Bond Claim (East Coast, Pennsylvania National)**

30.    Plaintiffs incorporate by reference the above allegations.

31.    NS & Associates, LLC was awarded a contract to repair boiler tubes at the Central Heating and Refrigeration Plant in the District of Columbia.

32.    NS & Associates, in turn, contracted with East Coast to perform the repairs.

33.    East Coast obtained a subcontract payment bond from Pennsylvania National numbered SB0611505 in the amount of $566,984.00.

34.    The bond binds East Coast and Pennsylvania National to pay for labor, materials, and equipment used to perform East Coast's contract with NS & Associates.

35.    East Coast has failed to remit contributions, along with liquidated damages and interest for its delinquent contributions from February 2020 to February 2021 for work performed for NS & Associates.

36. With interest through December 10, 2021, East Coast owes $109,432.25 in contributions, liquidated damages, and interest for work attributable to NS & Associates' project.

37. Also, Plaintiffs have incurred and continue to incur attorneys' fees to remedy the portion of East Coast's delinquency attributable to work performed for NS & Associates.

WHEREFORE, Plaintiffs respectfully asks the Court to enter Order:

    a) Finding that East Coast and Pennsylvania National are jointly and severally liable to Plaintiffs for $109,432.25 and entering judgment against East Coast and Pennsylvania National and in Plaintiffs' favor for these amounts, plus interest that accrues from December 10, 2021 through the date judgment is entered;

    b) Awarding Plaintiffs their costs of this action, including their reasonable attorneys' fees; and

    c) Granting Plaintiffs such other relief that the Court deems just and proper.

### Count III: United States Fire Bond Claim (East Coast, United States Fire)

38. Plaintiffs incorporate by reference the above allegations.

39. The United States of America awarded East Coast a contract, numbered 47PM1120C0008, to repair Economizer #1 at the Central Heating and Refrigeration Plant in the District of Columbia.

40. East Coast obtained a payment bond from United States Fire numbered 606-102279-3 for $207,741.00.

41. The bond binds East Coast and United States Fire to the United States for labor used to repair the Economizer #1.

42. Under the Miller Act, a surety is liable for delinquent contributions, along with liquidated damages, interest, and attorneys' fees. *U.S. for Benefit and on Behalf of Sherman v. Carter*, 353 U.S. 210 (1957).

43. For work performed at Economizer #1, East Coast owes $27,507.10 in delinquent contributions, liquidated damages, and interest through December 10, 2021.

WHEREFORE**,** Plaintiffs respectfully ask the Court to enter an Order:

    a) Finding that East Coast and United States Fire are jointly and severally liable to Plaintiffs for $27,507.10 and entering judgment against East Coast and Pennsylvania National and in Plaintiffs' favor for these amounts, plus interest that accrues from December 10, 2021 through the date judgment is entered;

    b) Awarding Plaintiffs their costs of this action, including their reasonable attorneys' fees; and

    c) Granting Plaintiffs such other relief that the Court deems just and proper.

Respectfully submitted,

**MOONEY, SAINDON, MUPRHY, & WELCH, P.C.**
1920 L Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 783-0010
Facsimile: (202) 783-6088

By  /s/_____
Lauren P. McDermott, DC # 1008301

**BLAKE & UHLIG, P.A.**
753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone:  (913) 321-8884
Facsimile:  (913) 321-2396

By   /s/_____
Nathan A. Kakazu, MO # 70157
(pro hac application forthcoming)
**ATTORNEYS FOR PLAINTIFFS**